CITIZENS OIL CO., INC., *v.* McCALLUM.*

(Division B. Dec. 14, 1926.    Suggestion of Error Overruled Jan. 11, 1926.)

[106 So. 443.    No. 25311.]

HIGHWAYS. *Liability for collision question for jury on conflicting evidence.*

The evidence in a highway collision case being squarely in conflict on the issue of liability, that question is for the jury.

---

*Headnote 1.    Highways, 29 C. J., Section 434; Negligence of driver of vehicle for injury by collision, question for jury, see 13 R. C. L. 297; 4 R. C. L. Supp. 807; 5 R. C. L. Supp. 694.

APPEAL from circuit court of Lauderdale county.
HON. R. M. BOURDEAUX, Judge.

Action by Mrs. E. A. McCallum against the Citizens' Oil Company, Incorporated. Judgment for plaintiff, and defendant appeals. Affirmed.

*Jacobson & Brooks,* for appellant.

Instruction number one refuses to submit to the jury the theory that the burden of proof was on the plaintiff to prove her case. There can be no serious doubt but that this is required.

As to the second instruction, that there is no presumption of liability against the defendant, and that there was no *prima-facie* statute applicable to the case, and that the burden of proof is upon plaintiff to establish her case, and that the burden of proof is upon plaintiff to show to the satisfaction of the jury by a preponderance of evidence that the proximate cause of the injury to Mrs. McCollum was the negligence of the defendant, and stating further that if the evidence is equally balanced, then the judgment should be in favor of the defendant. This instruction correctly stated the law, and we cannot understand why it was refused.

As to the third instruction, which was refused, we simply re-submit the case of *Gulf M. & N. R. R. Co.* v. *Brown,* 102 So. 855, and rely upon the doctrine therein expressed as our statement that the refusal was in error.

As to instruction number five, the court refused to instruct the jury that in no event could a punitive damage verdict be given, and discussing that instruction we feel that we should consolidate that with our complaint here as appellee's punitive damage instruction, complained of in assignment of error number six and number seven, which was given her. The giving of this instruction was error and not the law of the case. This was not a case warranting the infliction of punitive damages. There was no testimony that the injury of this person was caused by willfulness, wantonness, or malice; and certainly, no theory of this case of plaintiff's could warrant such a deduction. The testimony as a whole is hopelessly unsatisfactory as to negligence, and as such, we are entitled to a reversal on account of the same being in non-concordance with the evidence. In the wildest stretch of imagination there was no justification for punitive damages infliction, and we assume that this instruction is the one circumstance responsible for the large verdict.

The testimony as to punitive damages must be clear and unmistakable. Inasmuch as it involves criminality, we contend that the presumption of innocence follows the charge; and in so far as it is concerned, it attacks throughout every phase of the trial; and is a witness in the witness box during the trial and in the jury consultation room.

The rule is settled in this state that a party driving in a conveyance, either as a guest or as a hired passenger, with opportunity to protect herself, must take precaution to do so. She must do nothing that would interfere with the conduct of the driver; and it her duty to *interpose and save herself,* if she sees or has reason to know that she is going into a place of danger; and she must look out for herself where she can; and where the opportunity for knowing and approaching the situation is as much with her as with the driver of the vehicle.

It must be borne in mind that the record in this case is silent as to the action and conduct of Mrs. McCollum, the appellee, on this occasion. Anderson, the driver of the car, testified not less than a half dozen times, and in no instance, was it ever intimated by inquiry that this lady did not approach and contribute to the danger by getting in this closedup cab, and driving in the rain on this slippery mountain road, or is it intimated that she did not have opportunity for knowing and approaching the situation as did the driver. See 3 Elliott on Railroads, par. 1174. The authorities in support of the text are: *Dean* v. *R. R. Co.,* 39 Pa. St. 514; *Smith* v. *R. R. Co.,* 87 Me. 339; *Brickell* v. *R. R. Co.,* 120 N. Y. 290; *Miller* v. *R. R. Co.,* 129 Ind. 97; *Hoag* v. *R. R. Co.,* 111 N. Y. 199; *R. R. Co.* v *Howard,* 124 Ind. 280; *Township* v. *Anderson,* 114 Pa. St. 643. No stronger case on this question can be cited than *R. R. Co.* v. *McLeod,* 78 Miss. 334. This doctrine has again been re-affirmed in no mistakable terms in *G. M. & N. R. Co.* v. *Brown,* 102 So. 855.

Standing at the end of the completed trial of this case, we think the record shows that an improper verdict was

reached. We submit for further consideration the cases of *M. & O. R. R.* v. *Bennett,* 127 Miss. 413.; *Clark* v. *Mayse,* 48 So. 721; *McFadden* v. *Buckley,* 98 Miss. 28; *Fane* v. *R. R. Co.,* 87 Miss. 218; *McQueen* v. *Bostick,* 12 Smedes & Marshall, 604; *Sims* v. *McIntyre,* 8 Smedes & Marshall, 327; *Barbee* v. *Reese,* 60 Miss. 906.

*Neville & Stone,* for appellee.

Appellant complains that by the refusal of instruction number one for the defendant the court denied to it the substantial right of requiring the plaintiff to meet the burden of proof. If that was all that appellant sought in its instruction number one, it cannot complain, because instructions one, two, and three which were given defendant completely cover the question of the burden of proof from every conceivable angle.

Refused instruction number two was properly refused because it does not announce the law. It tells the jury that there is no *prima-facie* statute applicable to this case. Section 5785, Hemingway's Code, is applicable, though plaintiff did not request a charge under said statute. But the instruction incorporates another question. The latter part of the instruction deals with "balanced evidence."

Refused instruction number five, told the jury that they could not return a verdict for punitive damages, while plaintiff's instruction number two, which was given, submitted the question of punitive damages to the jury. There is no criticism made by counsel of the form of our instruction number two, but appellant merely insists that the facts of this case do not warrant the infliction of punitive damages and for this reason it was error to refuse defendant's instruction number five and to grant plaintiff's instruction number two.

We cannot agree with our friends in their contention. The defendant's truck, under the plaintiff's proof, is going down a mountain public highway, approaching a

sharp curve on a stiff grade, running at an unlawful rate of speed and running on the wrong side of the public driveway; and this truck is not stopped until it crashes into the plaintiff's truck and damage is done. The driver of defendant's truck knew that he was on the wrong side of the road. He could not help knowing this. He was driving at an unlawful rate of speed. And this he knew. He was approaching a sharp curve on a stiff grade at a point where the road was hemmed in on one side by a mountain and on the other by a deep bluff. The driver of this truck had been traveling this road before and was fully aware of the danger incident to improper driving around this curve. He knew also that this was one of the good roads leading out from Meridian which carried a traffic upon it. It is in proof that this road carries probably the heaviest traffic of any road leading out from Meridian. This driver was well enough acquainted with this driveway to know this fact, and we submit that while he doubtless did not contemplate colliding with the truck with which he did collide, he was bound to know that he was liable to collide with some vehicle or pedestrian while rounding this curve on the wrong side of the road at a high rate of speed, and his conduct was such as to indicate an utter disregard for the rights of this plaintiff and others. It is true that the driver of defendant's truck denies that he was on the wrong side of the road and denies driving at a greater rate of speed than ten miles an hour, but the jury passed upon the facts of this case, and they are the triers of the facts, and found this contention in favor of the plaintiff and we submit that the testimony thoroughly warrants such finding.

Argued orally by *Gabe Jacobson,* for appellant, and *Hardy R. Stone,* for appellee.

ANDERSON, J., delivered the opinion of the court.

The evidence in this case on the issue of liability was squarely in conflict. That question, therefore, was one for the jury.

Whatever errors, if any, were committed by the trial court in the giving and refusing of instructions and in the admission and rejection of testimony, were without harm to appellant.

Appellee's evidence tended to show that the injury sued for was caused by a sense of utter disregard for the rights of others traveling on the highway. Appellant's evidence, on the other hand, tended to show to the contrary. We are of opinion, however, that there was sufficient evidence of gross negligence on the part of appellant's driver to authorize the court to submit to the jury the question of punitive damages.

*Affirmed.*